necessarily mean a binding contract; so that, from the evidence, as the record presents it, we are unable to conclude that Bromann and, therefore, his co-obligors were released.

(6)   As to the contention of the plaintiffs in error that—as they did not sign the trust deed and were not mentioned therein—no liability was incurred by them by reason of the agreements and covenants contained in said trust deed for the outlays of taxes, special assessments, cost of foreclosure and solicitor's fees, it is sufficient to say that the copartnership and, therefore, each and all of the copartners, having made the contract of purchase, and having bought the property, and having given the trust deed to secure the indebtedness represented by the notes, were bound, necessarily, by all the provisions and terms of the trust deed, and as the particular items of charge, referred to, were embraced within the provisions of the trust deed, they were properly included in the decree.

Finding no error in the decree, it is affirmed.

*Affirmed.*

————————

Leo Kravitz, by Julius Kravitz, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

Gen. No. 23,362.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed April 24, 1918.

### Statement of the Case.

Action by Leo Kravitz, a minor, by Julius Kravitz, his next friend, plaintiff, against Chicago City Rail-

way Company, a corporation, defendant, to recover damages for personal injuries alleged to. have been received through being struck by defendant's car at a street intersection. To reverse a judgment for defendant, plaintiff prosecutes this writ of error.

MOSES, ROSENTHAL & KENNEDY, for plaintiff in error.

JOHN E. KEHOE and WATSON J. FERRY, for defendant in error; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 131*—*when shown that plaintiff was injured while "flipping" defendant's street car.* In an action to recover for personal injuries, evidence examined and *held* sufficient to support a finding that plaintiff, a boy between 12 and 13 years of age, was injured while "flipping" defendant's street car.

2. INSTRUCTIONS, § 10*—*limitation on number.* The number of instructions given may not be arbitrarily limited by the trial court.

3. STREET RAILROADS, § 140*—*when instructions in action for personal injuries not reversibly erroneous.* In an action against a street railway company for personal injuries, instructions given, examined and *held* not ground for reversing a judgment for defendant.

4. INSTRUCTIONS, § 14*—*when reiteration of principles of law is not ground for reversal.* Even though a number of instructions involve the reiteration of certain principles of law which are more favorable to one party than the other, the repetition is not ground for reversal if the instructions are appropriate to the law and evidence of the case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.